**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY


 ─────────────────────────────
                              :
 MICHAEL CRAWFORD,            :
                              :      Civil No. 12-1545 (NLH)
             Petitioner,      :
                              :
       v.                     :
                              :              OPINION
 UNITED STATES OF AMERICA,    :
                              :
             Respondent.      :
 ─────────────────────────────
```

**APPEARANCES:**

    MICHAEL CRAWFORD, Petitioner pro se
    #14560-056
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08320

    PAUL A. BLAINE, ESQ.
    OFFICE OF THE U.S. ATTORNEY
    Camden Federal Bldg. & U.S. Courthouse
    401 Market Street, 4th Floor
    Camden, New Jersey 08101
    Counsel for Respondent

**HILLMAN, District Judge**

    Petitioner, Michael Crawford, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal sentence.  After receiving permission from this Court to do so, the Government filed a motion to dismiss the petition for lack of subject matter jurisdiction.  (Docket entry no. 9).  Petitioner filed a reply or

traverse to the Government's motion on or about June 11, 2012. (Docket entry no. 10).

For the reason set forth below, the Court will grant the Government's motion and dismiss this habeas petition for lack of jurisdiction.

## I.   BACKGROUND

Following a jury trial, Petitioner was convicted in the United States District Court for the Eastern District of North Carolina, of the following charges: (1) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) use of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and aiding and abetting, in violation of 18 U.S.C. § 2.  On December 13, 1993, Petitioner was sentenced to an aggregate custodial term of 322 months.  (Respondent's Exhibit A).  Petitioner had been sentenced as a career offender, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 (1992), based on Petitioner's earlier state court convictions in Louisiana and New York on felony offenses involving conspiracy to commit armed robbery, sale of a controlled substance (crack cocaine) and possession of

a narcotic drug (cocaine base) with intent to sell.[1]  (Resp. Ex. B at ¶¶ 8-10, 37).

The Government notes that Petitioner did not raise any objections to the career offender determination in his Presentence Investigation Report ("PSIR").  (Resp. Ex. B, Objections).  Before trial, a notice of Information was filed in Petitioner's criminal case as required under 21 U.S.C. § 851(a)(1).  (Resp. Ex. C, Docket entry no. 17).  There were no recorded case docket entries in his criminal case to show that Petitioner filed any response to this notice or that Petitioner denied any information in the notice.  Accordingly, the sentencing court adopted the factual findings and guideline application in the PSIR in the judgment of conviction.  (Resp. Ex. A, Judgment of Conviction, at pg. 5, Statement of Reasons).

On or about December 14, 1993, Petitioner filed a notice of appeal from his conviction before the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed the conviction on September 2, 1994.  United States v. Crawford, 35 F.3d 557 (Table)(4th Cir. 1994).  In his direct appeal, Petitioner did not challenge the lawfulness of his sentence. (See 1994 WL 16049574, Brief for Appellants).

---

[1] In addition to the Louisiana and New York state convictions, the PSIR notes that Petitioner was convicted in the State of North Carolina on a possession of marijuana charge in 1990, which resulted in a suspended 30-day jail term.  (Resp. Ex. B, ¶ 12).  That conviction was not a factor in determining Petitioner's offense level computation.  (Id., ¶¶ 30-39).

3

Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, which was denied by the sentencing court on July 10, 1997.  United States v. Crawford, Nos. CR-93-87; CA-97-305-F (E.D.N.C. July 10, 1997). Petitioner appealed from denial of his § 2255 motion, and on January 22, 1998, the Fourth Circuit dismissed the appeal on the reasoning of the district court.  United States v. Crawford, 133 F.3d 917 (Table), 1998 WL 25044 (4th Cir. 1998).

Some years later, Petitioner filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), "for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 944(u).  The Honorable James C. Fox, Senior U.S. District Judge, denied Petitioner's motion by Order dated July 24, 2009.  (Resp. Ex. D).

Petitioner filed this § 2241 habeas petition on or about March 13, 2012.  The Government filed a motion to dismiss this action for lack of jurisdiction on May 23, 2012.  (Docket entry no. 9).  Petitioner filed his reply on June 11, 2012.  (Docket entry no. 10).

In his habeas petition, Petitioner argues that the Supreme Court decision in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577 (June 14, 2010) and the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) serve to

4

invalidate the use of one or more of Petitioner's earlier state court convictions in determining that he is a career offender, because those convictions do not satisfy the controlling definition for a felony conviction used in identifying a career offender.[2]  Specifically, Petitioner argues that his New York and North Carolina state court convictions cannot serve as predicate offenses for a career offender designation because Petitioner received "little or no jail time and ... could not receive more than 6 to 8 months of imprisonment" for those offenses. (Petition at pp. 3-4).

Petitioner further asserts that he is entitled to habeas relief under § 2241 pursuant to the "safety-valve" clause of 28 U.S.C. § 2255, where "§ 2255 proves inadequate or ineffective to test the legality of ... detention." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)(citing 28 U.S.C. § 2255).  Petitioner argues that "he meets the requirements to proceed under the safety clause based on his actual innocence of being a career offender," and "because he is 'actually innocent' of the crime that he was enhance [sic] under § 851, which was incorrect at the time of sentencing." (Petition at pp. 6-7).  He relies principally on the decision of the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) for his claim that his prior offense

---

[2] Petitioner cites that, under 21 U.S.C. § 802(44), "felony drug offense" is defined as an offense that is punishable by imprisonment for more than one year, under any State or Federal law.

5

used for enhancement is now unconstitutional.  (Petition at pg. 7).

On May 23, 2012, the Government filed a motion to dismiss the petition for lack of subject matter jurisdiction.  (Docket entry no. 9).  Petitioner filed a reply or traverse on June 11, 2012.

## II.  DISCUSSION

### A.  Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[3]  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.

---

[3]  United States Code Title 28, Section 2241, provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the district courts within their respective jurisdictions
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Jurisdiction

Here, it would appear that Petitioner is arguing that he is entitled to habeas relief under § 2241, because he is actually innocent, and because he is not challenging his conviction, but rather his sentence enhancement, which was allegedly incorrect. Petitioner filed a direct appeal from his conviction but did not challenge his sentence at that time.  He also filed a motion to vacate or correct his sentence under § 2255, which was ultimately dismissed on appeal by the Fourth Circuit in 1998.  Petitioner would seem to be aware that a § 2255 motion filed at the time he brought this § 2241 petition would be subject to dismissal as either untimely under § 2255(f), or as a prohibited second or successive motion under § 2255.[4]

Typically, collateral challenges to a conviction or sentence are brought before the sentencing court, and not the district of confinement.  As noted by the United States Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d

---

[4] Before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Cir.1997), § 2255 has been the "usual avenue" or presumptive means for federal prisoners seeking to challenge the validity of their conviction or sentence. See also Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); McCullough v. U.S., 2012 WL 4903046 (3d Cir. Oct. 17, 2012). Thus, a habeas petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, often referred to as the "savings clause.". See 28 U.S.C. § 2255; Davis, 417 U.S. at 343; Okereke, 307 F.3d at 120; Dorsainvil, 119 F.3d at 249-51. A motion under § 2255 is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)(affirming dismissal of a § 2241 challenge to sentence brought on grounds that statutory notice required under 21 U.S.C. § 851(a)(1) was never provided); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). See also United States v. McKeithan, 437 Fed. Appx. 148, 150 (3d Cir. 2011); Marmolejos v. Holder, 358 Fed. Appx. 289, 290 (3d Cir. 2009).

The savings clause or "safety valve" provided under § 2255 is extremely narrow, however, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later

8

deemed to be non-criminal by an intervening change in the law. See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251). The Third Circuit has further explained that § 2255 is inadequate or ineffective to test the legality of a conviction when: "1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gate keeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 Fed. Appx. 468, 470 (3d Cir. 2003)(quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)); Dorsainvil, 119 F.3d at 251 (remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate").

Thus, as recognized by the Third Circuit in Dorsainvil, a prisoner can pursue habeas relief under the savings clause of § 2255 when a subsequent statutory interpretation reveals that a prisoner's conduct for which he was convicted is no longer considered criminal, so as to avoid a complete miscarriage of justice. Id., 119 F.3d at 251-52; Okereke, 307 F.3d at 120-21; Adderly v. Zickefoose, 459 Fed. Appx. 73 (3d Cir. 2012), aff'g

9

2011 WL 5513187, *1 (D.N.J. Nov. 9, 2011).  In other words, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review.  119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 539.

Moreover, the Third Circuit has consistently read the savings clause exception in Dorsainvil narrowly, limiting its application to only those situations where a subsequent statutory interpretation renders a petitioner's offense conduct no longer criminal.  See e.g., Okereke, 307 F.3d at 120-21 (challenge to validity of sentence under § 2241 did not come within safety valve provision, since Supreme Court's Apprendi sentencing decision did not render conspiracy to import heroin non-criminal); Johnson v. Scism, 2012 WL 1668895 (3d Cir. May 14, 2012)(no jurisdiction under § 2241 to challenge career offender enhanced sentence, because the underlying narcotic drug distribution conspiracy remained criminal conduct); Middleton v. Ebert, 2012 WL 826608, *2-3 (3d Cir. Mar. 13, 2012)(claim that prisoner was actually innocent of being an armed career criminal could not be considered under the safety valve provision, because he was challenging his sentence and did not raise a claim that his underlying conduct had been de-criminalized); Green v. Bledsoe, 2012 WL 719597, *2 (3d Cir. Mar. 7, 2012)(same, career offender sentencing enhancement); Adderly, 459 Fed. Appx. at 75

10

(challenge to armed career criminal sentence does not fall within the savings clause where there was no claim that the underlying offense is now non-criminal due to subsequent change in the law).

Here, Petitioner is claiming "actual innocence" to invoke jurisdiction under § 2241.  This claim fails to warrant habeas relief in this instance.  First, a freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court.  See House v. Bell, 547 U.S. 518 (2006);[5] Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case.").  In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v.

---

[5]  In House, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue."  House, 126 S.Ct. at 2087.  The Supreme Court did, however, provide some insight into what might be required to prove such a claim.  Id. (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it.").  The Court recognized, as it did in Herrera, that the standard for any freestanding innocence claim would be "'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim.  Id. at 2087 ("The sequence of the Court's decisions in Herrera and Schlup[v. Delo, 513 U.S. 298, 327 (1995)]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that Herrera requires more convincing proof of innocence than Schlup.").

11

Case 1:12-cv-01545-NLH Document 11 Filed 10/19/12 Page 12 of 16 PageID: 92

Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2 Fed. Appx. 645, at *1 (8th Cir. 2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000). However, even assuming that such a freestanding claim could be raised, Petitioner in this instance has not met or even approached an "extraordinarily high" standard because his allegations wholly fail to support any factual innocence with respect to the crime for which he was convicted and sentenced. In other words, Petitioner does not allege that he is actually innocent of the crimes for which he was convicted, either his federal conviction or the prior state court conviction on which his sentence enhancement is based.

 Moreover, this claim that Petitioner is "innocent" of the sentence enhancement because of the intervening decisions in Carachuri-Rosendo and Simmons, supra, is insufficient to invoke this Court's jurisdiction under § 2241. The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here. See United States v. Brown, 2012 WL 11562, *2 (3d Cir. Jan. 4, 2012), cert. denied, 2012 WL 2050575 (U.S. Oct. 1, 2012); Selby v. Scism 453 Fed. Appx. 266 (3d Cir. Dec. 6, 2011); Adams v. Schultz, 253 Fed. Appx. 234, 2007 WL 3257244, *1 (3d Cir. Nov. 6, 2007). See also Johnson, supra; Green, supra; and Adderly, supra. Additionally, this Court notes that the Simmons case challenged a sentence enhancement on direct appeal rather than in a § 2255 motion or other collateral review.

12

This Court also rejects Petitioner's assertion that he had no previous opportunity to challenge his enhanced sentence. Whether Petitioner's prior North Carolina and New York drug convictions did not satisfy the definition of predicate offenses under U.S.S.G. § 4B1.2, as Petitioner here asserts, was readily apparent and available for judicial review (1) at the time sentence was imposed, (2) on direct appeal, and possibly (3) on subsequent collateral review under § 2255. As the Government correctly argues, those prior convictions either satisfied the controlling definition at the time of sentencing, or they did not. And Petitioner had at least two earlier opportunities to timely raise such a claim.

Indeed, the Government notes that Petitioner did not object at the time of his sentencing to his treatment as a career offender under U.S.S.G. § 4B1.1. (See Resp. Ex. B, Objections). Nor did Petitioner raise the issue on his direct appeal. Consequently, Petitioner procedurally defaulted on this issue, and he would not have been permitted to raise it on a § 2255 motion without first making a requisite showing of cause and prejudice, or actual innocence of the offense conviction. See e.g., United States v. Pettiford, 612 F.3d 270, 280-82, 284 (4th Cir. 2010 (quoting Sanchez-Llama v. Oregon, 548 U.S. 331, 351 (2006)). Moreover, the Government rightly points out that Petitioner likely would have been unsuccessful in proving cause and prejudice since 21 U.S.C. § 851(b) bars his ability to contest his enhanced sentence based on his prior felony

13

convictions given that Petitioner never filed a written opposition as required under § 851(c), and there is no indication in the docket that he otherwise denied the relevant state convictions prior to imposition of sentence.

Therefore, for all of the above reasons, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy so as to proceed before this Court on a § 2241 habeas petition.  As stated above, Petitioner fails to show any intervening change in the law that renders non-criminal the counts for which he was convicted.  Rather, Petitioner is challenging only the validity of his sentence, not his criminal convictions.  For the same reasons, Petitioner's arguments also fail to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be dismissed for lack of jurisdiction.[6]  28 U.S.C. § 2255.

---

[6] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds, because it is Petitioner's second motion under § 2255.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  As this is Petitioner's second § 2255 motion, no purpose would be served by a Miller notice.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

This Court finds that it would not be in the interests of justice to transfer this Petition to the United States Court of Appeals for the Fourth Circuit because the Fourth Circuit has not made Carachuri-Rosendo v. Holder or United States v. Simmons retroactive to cases on collateral review within that circuit. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012)(holding that the Supreme Court's decision in Carachuri-Rosendo v. Holder did not apply retroactively to cases on collateral review); Battle v. United States, 2012 WL 1067943, * 2 n.1 (S.D.W.Va. Mar. 29, 2012)(citing Smith v. Rivera, 2012 WL 589285, *3 (D.S.C. Jan. 27, 2012), report and recommendation adopted 2012 WL 589276 (D.S.C. Feb. 22, 2012).[7]  Accordingly, this Petition will be dismissed for lack of jurisdiction.

---

[7] This Court notes the recent decision in Yarborough v. United States, 2012 WL 1605579, * 1 & n.1. (E.D.N.C. May 8, 2012)(Fox, S.J.), decided by the same District Judge who sentenced Petitioner.  There, Judge Fox determined that a § 2255 motion filed within one year of the decision in Simmons, is timely filed for purposes of that provision's statute of limitations (§§ 2255(f)(1) & (3)).  In Yarborough, petitioner, who was sentenced with a career offender enhancement, did not appeal his conviction or sentence, and did not otherwise seek § 2255 relief until October 18, 2011.  The instant case is procedurally distinguishable because Petitioner had filed a direct appeal and an earlier § 2255 motion, which had been denied in 1997, thus making this a second and successive § 2255 motion.

III. <u>CONCLUSION</u>

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of subject matter jurisdiction. An appropriate order follows.

                                           s/ Noel L. Hillman
                                           NOEL L. HILLMAN
                                           United States District Judge

Dated: October 19, 2012

At Camden, New Jersey